IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | C.A. No.  3:16-cv-814 |
| FRANCIS GERARD ADAMS, AMY M. ADAMS, and MARGARET ADAMS, | § § § § | |
| Defendants. | § § | |

## COMPLAINT IN INTERPLEADER

Plaintiff Principal Life Insurance Company ("Principal Life") complains of Defendants Francis Gerard Adams, Amy M. Adams, and Margaret Adams (collectively, "Defendants") and states:

## PARTIES

**1.     Principal Life.**  Principal Life is an insurance company organized under the laws of the State of Iowa, with its principal office and place of business in Des Moines, Iowa.

**2.     Francis.**  Defendant Francis Gerard Adams ("Francis") is a citizen of Texas who may be served at his residence address, 5622 Kerry Lane, Garland, Texas 75043, or wherever he may be found.

**3.     Amy.**  Defendant Amy M. Adams ("Amy") is a citizen of Texas who may be served at her residence address, 104 Valkyrie, Rockwall, Texas 75032, or wherever she may be found.

**4.     Margaret.**  Defendant Margaret Adams ("Margaret") is a citizen of Texas who may be served at her residence address, 403 Cameron Boulevard, Kemp, Texas 75143, or

wherever she may be found.

## JURISDICTION AND VENUE

5. **Jurisdiction.**  The Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq.  The Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Principal Life, on the one hand, and Defendants, on the other hand, are citizens of different states, and the matter in controversy (exclusive of interest and costs) exceeds the sum or value of $75,000.

6. **Venue.**  The Court has venue of this action pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because one or more of Defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## OPERATIVE FACTS

7. **Principal Life Issues the Group Policy.**  Effective January 1, 1992, Principal Life issued its group universal life insurance policy no. 2165 (the "Group Policy") to Principal Financial Securities, Inc. (the "Employer").  The Group Policy was part of an ERISA-governed employee welfare benefit plan that the Employer established and maintained for its employees and their beneficiaries.

8. **Principal Life Issues the Certificate to the Insured.**  By virtue of her employment with the Employer, Beth C. Adams (the "Insured") was eligible for and obtained insurance coverage on her life under the Group Policy.  In the Application For Group Universal Life Insurance (the "Application"), which was dated December 14, 1992, the Insured designated Francis, her then-husband, as her beneficiary and sought coverage of three times her Annual Earnings, which were $30,000.00 at the time.  Effective January 1, 1993, Principal Life issued

certificate no. 4319748 (the "Certificate") to the Insured evidencing her coverage under the Group Policy. The Certificate provided in pertinent part:

**Beneficiary**

The Insured's beneficiary is named on the application…. The Certificate owner may later change a named beneficiary by sending a written request on a form specified by the Insurer. No change is effective until the Insurer records it. Once recorded, the change is effective as of the date the request was signed. If any benefit is otherwise properly paid before a change is recorded, that payment may not be contested.

*  *  *

**Facility of Payment**

If any of the below occur, benefits are paid as stated. All such payments discharge the Insurer to the full extent of those payments.

- If a beneficiary is found guilty of the Insured's death, such beneficiary may be disqualified from receiving any benefit due. Payment may then be made to any contingent beneficiary or to the executor or administrator of the Insured's estate.

- Any benefit due a beneficiary who dies before the Insured's death is paid in equal share to the Insured's surviving beneficiaries.

- If a beneficiary dies at the same time or within 15 days after the Insured dies, but before the Insurer receives written proof of the Insured's death, payment is made as if the Insured survived the beneficiary.

- If no beneficiary survives the Insured or if the Insured has not named a beneficiary, payment will be made in the following order of precedence:

    - to the Insured's Spouse
    - to the Insured's Dependent Child born to or legally adopted by the Insured
    - to the Insured's parents
    - to the Insured's brothers and sisters
    - if none of the above, to the executor or administrator of the Insured's estate.

    If the Insurer believes a person is not legally able to give a valid receipt, as determined by the Insurer, for a payment, and no guardian has been appointed, the Insurer may pay whomever has assumed the care and support of the person.

Based upon the Insured's designation of him in the Application, Francis was the beneficiary under the Certificate, and Principal Life never received a beneficiary change form from her designating someone else as the beneficiary. The Insured initially paid her premiums for her life insurance coverage through payroll deduction, and after her employment with the Employer ended in May 2004, she began paying the premiums directly to Principal Life.

9. **The Insured Dies.** On November 6, 2015, Principal Life received notice the Insured had died on October 23, 2015. By virtue of increases in the Insured's salary over time, she had a total of $201,000 in coverage at the time of her death. Moreover, the Certificate had an additional $63.62 in cash value and a premium refund of $43.47, resulting in total proceeds of $201,107.09 (the "Proceeds").

10. **The Competing Claims.** According to Principal Life's records, Francis was the beneficiary under the Certificate, and it thus tried to contact him so that he could initiate the claim process. In the meantime, however, Patrick Lacy ("Lacy"), a Dallas lawyer, informed Principal Life, by letter dated January 8, 2016, that he was representing the Insured's estate and that, in accordance with section 9.301 of the Texas Family Code, the Insured's divorce from Francis in March 2001 served to void her designation of him as her beneficiary under the Certificate. With this letter, Lacy submitted a copy of the Final Decree of Divorce (the "Divorce Decree") regarding the marriage of the Insured and Francis, which (among other provisions) awarded to the Insured, as her sole and separate property, "[a]ll policies of life insurance (including cash values) insuring [her] life" and divested Francis of all right, title, interest, and claim in and to such policies. Lacy also submitted a copy of the Application to Determine Heirship and for Letters of Independent Administration, which sought a declaration that Amy and Margaret are the Insured's heirs.

11.   **The Need for Interpleader Relief.**   Under the circumstances, Principal Life cannot pay all or part of the Proceeds to any of Defendants without incurring possible multiple liability.  Francis is the beneficiary according to Principal Life's records, and if the Certificate is in fact governed by ERISA, then the Proceeds are likely payable to him, with Amy and Margaret potentially having a claim to recover those proceeds from him based upon his alleged breach of the Divorce Decree.  On the other hand, if the Certificate is not governed by ERISA, or section 9.301 of the Texas Family Code nonetheless serves to void the designation of Francis as the beneficiary, then the Proceeds are likely payable to Amy and Margaret.  Principal Life admits liability under the Group Policy to pay the Proceeds as a consequence of the Insured's death, but the failure to deposit the Proceeds, plus any applicable interest, into the Court's registry may expose Principal Life to multiple or inconsistent liabilities or preclude interpleader relief.  Principal Life is a disinterested stakeholder which claims no interest in the Proceeds, except for its attorney's fees and court costs.

## CAUSES OF ACTION

12.   **Interpleader.**   Principal Life requests the Court to accept the Proceeds into its registry and require Defendants, or third parties presently unknown, to interplead their claims to such proceeds.  Contemporaneously with the filing of this Complaint, Principal Life has sought leave to deposit the Proceeds, together with interest thereon from October 23, 2015 (i.e., the date of the Insured's death), into the Court's registry.  Principal Life also requests the Court to discharge Principal Life from all liability to Defendants or any other person with respect to the Certificate, the Insured's coverage under the Group Policy, and the Proceeds.

13.   **Declaratory Judgment.**   Principal Life further requests the Court to adjudicate whether Defendants or third parties presently unknown are entitled to payment of all or part of

the Proceeds and to thereafter award the Proceeds to the party or parties legally entitled to receive them. Principal Life also requests the Court to discharge Principal Life from all liability to Defendants or any other person with respect to the Certificate, the Insured's coverage under the Group Policy, and the Proceeds.

14. **Restraining Order.** Principal Life further requests that, pursuant to 28 U.S.C. § 2361, the Court enter an order restraining Defendants from instituting or further prosecuting any proceeding in any State or United States court affecting the funds in question until further order of the Court.

15. **Attorney's Fees.** Principal Life has retained the services of the undersigned attorneys to prosecute this action. Accordingly, Principal Life seeks recovery of all of its reasonable attorney's fees and court costs incurred in this action from the interpled funds.

## REQUEST FOR RELIEF

16. **Prayer.** Principal Life respectfully requests the following relief:

    (a) That Defendants be served with Summons and this Complaint and required to answer in the time and manner prescribed by law;

    (b) That the Court enter an order restraining Defendants from instituting or further prosecuting any proceeding in any State or United States court affecting the Proceeds until further order of the Court;

    (c) That the Court accept the Proceeds into its registry and thereafter deposit such proceeds into an interest-bearing account, pending further order of the Court;

    (d) That the Court enter an order discharging Principal Life from all liability to Defendants or anyone else with respect to the Certificate, the Insured's

coverage under the Group Policy, and the Proceeds and dismissing Principal Life with prejudice;

(e) That the Court award Principal Life its reasonable attorney's fees and court costs, to be paid from the interpled funds;

(f) That the Court require Defendants and all other interested parties to interplead their claims to the Proceeds and, on final trial, award the Proceeds to the party or parties rightfully and legally entitled to receive them; and

(g) That Principal Life have all such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

    Respectfully submitted,

    By:   /s/ Andrew C. Whitaker
           Andrew C. Whitaker
           State Bar No. 21273600
           andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR PLAINTIFF
PRINCIPAL LIFE INSURANCE COMPANY